**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-0147-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Justin Eric Lindsay, | |
| Defendant. | |

Defendant Justin Eric Lindsay has appealed Judge Alison Bachus's detention order. Doc. 15. The government has filed a response (Doc. 20) and the time for filing a reply has passed. No party requests a hearing.

I.

The Court reviews the detention decision *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Bail Reform Act of 1984, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure his appearance at trial or the safety of the community. 18 U.S.C. § 3142(e).

Judge Bachus detained Defendant as both a danger to the community and a flight risk.  Doc. 10.  The government contends the Court should affirm on both grounds.  Doc. 20.  The government must prove Defendant is a danger to the community by clear and convincing evidence, 18 U.S.C. § 3142(f), and a flight risk by a preponderance of the evidence, *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  Parties may proceed by proffer.  *United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 574 (S.D. Cal. 2000) (collecting authorities).  No party requests an evidentiary hearing.

II.

The Court must consider the following factors:  (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against Defendant; (3) Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.  18 U.S.C. § 3142(g).  The Court will address each factor.

(1) Defendant is charged with serious crimes – five completed bank robberies and one attempted bank robbery.  Doc. 11.  Defendant demanded money from bank tellers and, in at least some instances, stated he had a gun.  On one occasion Defendant jumped over the teller counter when the teller was not prompt enough in turning over money.  Defendant stole license plates to conceal his identity during the robberies, demonstrating his willingness to evade law enforcement.

(2) Defendant fully confessed to these robberies after receiving a *Miranda* warning, so the evidence against him is very strong.

(3) Defendant has family ties in the Valley and the support of his parents, but he has been unemployed for a year and is struggling financially.  He also has lived in a series of Arizona locations over the last few years and uses marijuana weekly.

(4) Defense counsel notes that Defendant never displayed a gun during the robberies, but he intentionally put tellers in fear of gun violence, and his repeated robberies show that he presents a serious financial danger to the community.

Considering these factors, the Court concludes that the government has shown by clear and convincing evidence that Defendant poses a danger to the community in his willingness to instill fear in others to accomplish his purposes and in the financial risks presented by his bank robberies, unemployment, and financial difficulties.

Defendant's frequent change of living locations, unemployment, willingness to conceal his identity, and drug use, as well as the serious sentence he faces in this case, show by a preponderance of the evidence that Defendant is a flight risk.

**IT IS ORDERED** that Defendant's request to reverse Judge Bachus's detention order (Doc. 15) is **denied**.

Dated this 6th day of March, 2024.

_David G. Campbell_
David G. Campbell
United States District Judge